# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| EARL D. BARRS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:17-cv-335 (MTT) |
| AAA GENERAL CONTRACTORS, INC., *et. al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Earl D. Barrs has moved for default judgment against Defendants Z&H Enterprises, LLC and Zachary Hood. Doc. 18. The motion as constituted is **DENIED** for the following two reasons.

First, it is unclear from the allegations of the complaint that the amount in controversy exceeds $75,000, and, accordingly, it is unclear that the Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1332. Second, Barrs has not proven that he is owed default judgment as to the "negligent deconstruction" claim. After the Clerk's entry of default, a defendant is deemed to admit all well-pleaded factual allegations in the complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] However, an entry of default against a defendant does not establish that the plaintiff is entitled to a default judgment; Defendants are not deemed to admit facts that are not well-pleaded or that constitute conclusions of law. *Id*. Upon reviewing the motion for default judgment, the Court addressed a letter to Barrs, requesting he answer the following question: "Taking the allegations of the

---

[1] All decisions of the former Fifth Circuit dated prior to October 1, 1981, constitute binding Eleventh Circuit precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

complaint as true, what is the nature of the claim or claims that those admitted allegations establish against the defaulting Defendants?" Doc. 19.  Barrs responded, but he merely re-organized the allegations of the complaint, rather than explaining how the alleged facts establish the defaulting Defendants' liability.  *See generally* Doc. 22 (Barrs's response to the Court's letter, with the complaint as the only source cited).  For example, Barrs has not explained how his factual allegations prove that under Georgia law the defaulting Defendants are liable for "negligent deconstruction" when the duties Barrs alleges the defaulting Defendants breached appear to arise only from a contract and the general rule in Georgia is that "[a]ny breach of contract must arise from the contract, and does not give rise to an action for tort, whether or not such breach was negligent or wil[l]ful."  *A.L. Williams & Assocs. v. Faircloth*, 259 Ga. 767, 769, 386 S.E.2d 151, 154 (1989); *see also Allstate Ins. Co. v. ADT, LLC*, 194 F.Supp.3d 1331, 1339-40 (N.D. Ga. 2016) (finding that the plaintiff failed to state a claim under which relief may be granted under Georgia law for gross negligence when the plaintiff did not identify any non-contractual legal duty that the defendant violated by performing the contract incorrectly).  The Plaintiff's claims against the defaulting Defendants for "pecuniary loss—emotional distress" and punitive damages similarly appear to be based on conclusions of law or facts that are not well-pleaded.

Accordingly, default judgment is not appropriate.

**SO ORDERED**, this 10th day of April, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
